**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**MARYLETHA MANLEY**                                                                     **PLAINTIFF**

**vs.**                              **CASE NO. 4:06-CV-250 GTE**

**R&O TRANSPORTATION, LLC
and BENJAMIN LOCKHART**                                          **DEFENDANTS**

## ORDER

Before the Court are various motions related to the proper forum for this action. Said motions include: (1) Plaintiff's Motion to Remand; (2) Defendant's Motion for Leave to Amend, and (3) Plaintiff's Motion to Transfer.

## FACTUAL AND PROCEDURAL BACKGROUND

On January 25, 2006, Plaintiff Maryletha Manley filed suit in the Circuit Court of Independence County against R&O Transportation LLC ("R&)") and Benjamin Lockhart, contending that she was injured when a truck and trailer driven by Benjamin Lockhart and owned by R&O ran into the vehicle operated by Ms. Manley. Ms. Manley further contends that Mr. Lockhart drove through a red light before striking her vehicle. Plaintiff seeks compensatory damages for injuries from the Defendants, jointly and severally, in an amount exceeding that required for the exercise of federal jurisdiction in diversity of citizenship suits.

The accident in question is alleged to have occurred in White County, Arkansas. Plaintiff is a resident of Independence County, Arkansas. Defendant Lockhart is alleged to reside in Missouri. Defendant R&O is alleged to be a limited liability company organized under the laws of the State of Arkansas.

On February 17, 2006, Defendants removed the action to federal district court. For cause, the Defendants allege that this Court has subject matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1441(a). Defendants further contend that R&O is incorporated under the laws of the State of Delaware and its principal place of business is located in Wilder, Kentucky. Thus, Defendants contend, R&O is considered a citizen of the States of Delaware and Kentucky. With Defendant Lockhart a citizen of the State of Missouri and the Plaintiff a citizen of Arkansas, Defendants assert that complete diversity of citizenship exists and supports removal.

On March 8, 2006, Plaintiff Manley filed a Motion for Remand. For cause, Plaintiff challenges the sufficiency of the Notice of Removal by pointing out that it fails to state the citizenship of the members of R&O Transportation, LLC. Plaintiff states that the appropriate inquiry for jurisdictional purposes for a limited liability company such as R&O is the citizenship of the members. *GMAC Commercial Credit, LLC v. Dillard Department Stores, Inc.*, 357 F.3d 827 (8th Cir. 2004). Without such information, Plaintiff contends, the Notice of Removal is deficient and must be denied.

On March 20, 2006, Defendants filed a Motion for Leave to File Amended Notice of Removal. Therein, Defendants request the Court's permission to amend their timely filed Notice of Removal to make clear that none of the three members of R&O reside in Arkansas. This amendment, Defendants contend, demonstrates that the removal of this action was proper.

On April 4, 2006, Plaintiff filed a response opposing Defendant's request to amend. For cause, Plaintiff contends that Defendant's motion seeks to supply essential allegations missing from the original petition for removal, allegations which were necessary to make the removal proper. If such allegations are permitted to be added, Plaintiff contends, it would circumvent the

rule requiring jurisdictional matters to be raised within the thirty (30) period after which a lawsuit is filed.

On April 5, 2006, Plaintiff filed a Motion to Transfer asking the Court, assuming it denies the Motion to Remand, to transfer this action to the Northern Division of the Eastern District of Arkansas.  Plaintiff contends this action should have been placed in that division originally upon removal, rather than in the Western Division.  No opposition to this motion has been filed.

## DISCUSSION

The Court, after considering the issues before it and the capable arguments put forth by the attorneys, concludes that it will exercise its discretion to permit Defendants to amend their original Notice of Removal to include the additional allegations regarding the citizenship of the members of the Defendant LLC.  These allegations clarify that R&O's citizenship is indeed diverse from that of the Plaintiff, as it appeared based on the allegations of the Complaint and the allegations in the Notice of Removal.  Under these circumstances, it would not be fair or equitable to use the Defendants' technical omission to deprive Defendants of the removal of this action, which they timely sought.  The Court is further influenced by the fact that the removal papers attempted to properly and adequately identify the citizenship of R&O.  It appears that counsel attempted in good faith to ascertain the citizenship of R&O, but used the citizenship rule for corporations as opposed to the rule recently established by the Eighth Circuit for ascertaining the citizenship of LLC's.  The proper citizenship of an LLC for purposes of diversity jurisdiction was an issue of first impression for the Eighth Circuit in the *GMAC* case, cited *supra*, and was not resolved until that decision issued in February 6, 2004.

With the Amended Notice of Removal, it is clear that this Court has subject matter jurisdiction based on diversity of citizenship.

Plaintiff's motion regarding the appropriate division is well taken. This action should have been placed on this Court's Northern Division Docket, which is located in Batesville, Arkansas, Independence County.  Plaintiff resides in Independence County and the action was removed from the Independence County Circuit Court.  Accordingly, the case will be transferred to the Eastern District of Arkansas' Northern Division.

## CONCLUSION

For the reasons herein stated,

IT IS HEREBY ORDERED THAT Defendant R&O Transportation's Motion for Leave to File Amended Notice of Removal (docket entry # 8) be, and it is hereby, GRANTED.

IT IS FURTHER ORDERED THAT Plaintiff's Motion to Remand (docket entry # 5) be, and it is hereby, DENIED.

IT IS FURTHER ORDERED THAT Plaintiff's Motion to Transfer (docket entry # 13) be, and it is hereby, GRANTED.  The Clerk of the Court is hereby directed to transfer this case to the United States District Court for the Eastern District of Arkansas, **Northern Division**, to assign a new case number, and to change the docket to reflect these changes.

IT IS SO ORDERED THIS   9th   day of August, 2006.

      /s/Garnett Thomas Eisele
      UNITED STATES DISTRICT JUDGE